The opinion of the Court was delivered by
Duncan J.
The counsel for the plaintiff in error, did not urge any other exception to the charge, than the supposed misdirection of the Court in instructing the jury, that if this land was left out of HowePs re-survey, by mistake of the deputy surveyor, without the knowledge or consent of the plaintiff, this would not postpone him to the defendant, who had patented on the confidence of HowePs exclusion in the re-survey. It is impossible to examine the original surveys of Sprogel, Foster, and Jewell, and attend to the directions of the Board of Property for the re-survey, and compare it with the original survey of Sprogel, without the most complete satisfaction that Hower never did intend to leave out one foot of the land which he had bought and paid for ; for he had paid for more land than the three surveys contained. The land was valuable, and had been surveyed forty years before. It is not usual for the Board of Property, nor have they any legal authority, to direct land to be excluded out of surveys already *412 returned, unless it interferes with some other survey, or contains a surplus. The owner must patent the whole or none. It it impossible to read the order, and misunderstand it. It is demonstrative that the re-survey was the mistake of the deputy. We need not any corroborating testimony to confirm this fact. We are not to impute any design. It matters not however whether it was by mistake or design of the deputy ; it is very certain, that it was soon discovered, and the defunct warrant of John Montgomery, in less than two months slipped in, and this small piece of land snapped up, and that before the re-survey was returned. I do not see in this, any strong equity in Mr. Montgomery’s favour. It was, to say the best of it, a lucky hit, and though it cannot be said to be a fraud, yet it possesses no claims to the regard or favour of a Court of Equity. I do not impute any improper design to any one, and am very far from imputing to the plaintiff in error, a design to avail himself of the mistake of the defendant; yet the papers in the land office, the original returns of survey, compared with the order for the resurvey, and the re-survey itself, would, on their face, shew the mistake, and these were notice to him ; for the return of the re-survey describes it, as including all Sprogel’s original survey, bounding it on that side as the original is bounded, and not marking any land as vacant. There was no authority given to the deputy surveyor, to throw out any of Sprogel’s survey. The direction was to comprehend it all, and return it all, and mark the interference with Foster’s survey, with a single and an expressed view, to enable Hower to patent all that had not before been patented on Foster’s survey. The very return of the re-survey under which the plaintiff protects himself as a purchaser without notice, gives him notice, notice at least sufficient to put him on inquiry. Sprogel’s original return was not withdrawn from the files of the Surveyor-General; it was not vacated by the order of re-survey, or by its return. The authority under which it was made, forbids this conclusion, and the return excludes the conclusion ; for it purports to be the same as the original survey; the very same boundaries, and only casts off that which was ordered to be cast off, the interference with Foster. It is most charitable to suppose it to have been done by the mistake of the deputy. It is not fair to impute it to design, because that would *413 not only be a violation of the order of the Board of Property, but a deceit on Hower. If it was done by design of the deputy, without the knowledge of Hower, it would not better the case of the plaintiff in error, but cast a suspicion on his title, when it is considered how soon after the mistake was discovered, and Montgomery's warrant applied to it by the same deputy. Had Hower taken any step to confirm the mistake, to ratify the omission by any solemn recognition, as by patent, and a stranger in confidence of this had taken out a warrant, obtained a survey and patent, and the plaintiff purchased from that stranger, it would be difficult to maintain that Hower could turn back to his original survey. But Hoxver has done nothing; and the plaintiffs case would be very different, had Hower encouraged him to purchase from Montgomery, for that would have postponed him. But there is no evidence of this. The cause of the parties, on its real merits, was fairly submitted to the jury ; for the important inquiry for the jury was accurately stated by the Court. It was, whether the tract in dispute was excluded, with the knowledge and consent of Hower, or was done by the mistake of the surveyor ; and the return of the re-survey irrefragably proved it was done by mistake of the deputy. Design is not to be imputed to him without some evidence ; and if there was evidence of it, it was an unauthorised and a void act. The consent and knowledge of Hower, are not to be presumed. It would be a presumption against all reason, experience, and probability, that a man possessed of reason and understanding, should throw out of his survey any, the smallest portion of land, in a country so thickly settled, and so highly improved as this section of Northumberland county, and that too where the object of having his lands re-surveyed is so clearly marked out, as it is in the order of re-survey. The order of re-survey and the re-survey, were mere preparatory measures to taking out the patent, and did not prevent Hower from rectifying the mistake when he came to patent.
Judgment affirmed.